### G. G. HOUSTON v. J. E. KOONCE.

#### No. 2301. Decided April 23, 1913.

**School Land—Sale of Unsurveyed Tracts.**

Section 8 of the Act of April 15, 1905, providing for sale of unsurveyed school lands (Laws, 29th Leg., p. 164), is consistent with and does not repeal the previous law forbidding a purchaser to acquire from the State more than four sections of such land (Act of April 19, 1901, Laws, 27th Leg., p. 294, sec. 3). A sale by the Land Commissioner of an unsurveyed section, under such Act of 1905, to one owning four sections by purchase under such Act of 1891, was void and conveyed no title. (Pp. 50-52.)

Error to the Court of Civil Appeals, Second District, in an appeal from Ward County.

Houston sued Koonce and appealed from a judgment for defendant on affirmance of which he obtained writ of error.

*J. E. Starley,* for plaintiff in error, cited: Acts of 1905, chap. 29; Erp v. Tillman, 103 Texas, 574; Acts of 1901, chap. 125, sec. 3, p. 294; Barnes v. Williams, 102 Texas, 444; Carter v. Clifton, 28 S. W., 209; Smithers v. Lowrance, 100 Texas, 77; Act of 1907, chap. 20, sec. 6a.

*A. S. Hawkins,* for appellee, cited: Gracey v. Hendrix, 51 S. W., 864; Tilman v. Erp, 121 S. W., 547; Hazelwood v. Rogan, 95 Texas, 295.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy the statement of the case made by the Court of Civil Appeals, as follows:

"G. G. Houston sued Mrs. J. E. Koonce in trespass to try title to recover two tracts of land designated as surveys Nos. 17 and 16, and from a judgment rendered in defendant's favor upon a verdict returned in obedience to a peremptory instruction by the court, plaintiff has appealed.

"The evidence of title upon which the plaintiff relied was a purported purchase from the State under and by virtue of section 8, chapter 103, page 164, Acts of the Legislature, 1905. Prior to the purported sales of the two surveys to the plaintiff by the Commissioner of the General Land Office plaintiff had already purchased from the State the following four surveys of public school land designated as surveys Nos. 12, 13, 14 and 11. Plaintiff applied for the purchase of said survey 12 for purposes of a home on condition of settlement and for the purchase of surveys 13, 14 and 11 as additional to survey 12, his home section. These four tracts were surveyed under section 8, chapter 103 of the Act of 1905 and no sale of any of those four surveys has been canceled."

Section 3, chapter 125, page 294, Acts of the Legislature, 1901, provides that: "The Commissioner of the General Land Office is hereby prohibited from selling to the same party more than four sections of land, and all applications to purchase land shall also disclose the prior

lands purchased by the applicant from the State, if any, since the taking effect of this Act, and the residence of the applicant at said time, and if it appear therefrom or from the records in the Land Office that said applicant has already purchased land aggregating four sections since the taking effect of this Act, his application shall be rejected."

From section 8 of chapter 103 of the laws of 1905, page 164, we copy: "Any person desiring to purchase any portion of the unsurveyed school lands shall first make a written application to the surveyor of the proper county or district in which the land, or a portion thereof is situated, signed and sworn to by the applicant, giving his postoffice address, and designating the land he desires by metes and bounds, as nearly as practicable, and stating that he desires to have the land surveyed with the intention of buying it, and that he is not acting in collusion with, or attempting to acquire said land for another person or corporation. It shall be the duty of the surveyor to file and record such application and to survey the land and file the application and field notes in the Land Office within ninety days from the date of the filing of the application, together with a properly prepared and certified sketch of the survey, with the variations at which all lines were run. The land shall be surveyed under the instructions of the Commissioner of the General Land Office, and where practicable, into sections of six hundred and forty acres each, and of a regular form. The applicant shall pay to the surveyor one dollar as a filing fee, and his further lawful fees for surveying the land. When the surveyor returns the application and field notes to the Land Office, he shall report under oath the classification and market value of the land, and also the timber thereon and its value, which may be considered in connection with such other evidence as may be required in determining the class and price to be given the land or timber. If upon inspection of the papers, the Commissioner is satisfied from the report of the surveyor and the records of the Land Office, that the land is vacant and belongs to the school fund, and the survey has been made according to law, he shall approve same and notify the applicant that the land is subject to sale to him, stating the classification, price and terms, which shall be the same as that for surveyed lands, except as herein provided."

The two laws are entirely consistent so far as they apply to the same subject, and no repeal of the previous law was effected by the law of 1905. In the Act of 1905, section 8, which regulates the sale of unsurveyed lands, this language is used: "He (the Commissioner) shall approve same and notify the applicant that the land is subject to sale to him, stating the classification, price and terms, which shall be the same as that for surveyed lands, except as herein provided." Conclusive of this issue is this provision: "The land shall be surveyed under the instructions of the Commissioner of the General Land Office, and where practicable, into sections of six hundred and forty acres each, and of a regular form."

It is apparent that the only difference between the terms of sale of surveyed and unsurveyed lands was that the applicant was required to

have the unsurveyed land surveyed and the Commissioner might make different terms of payment. Under neither law could a purchaser acquire more than four sections. The Commissioner being prohibited in the emphatic terms of the statute to sell more than four sections to one man, the sale of the land in controversy to Houston was void and he had no title upon which to recover.

It is ordered that the judgments of the Court of Civil Appeals and District Court be affirmed, and that the plaintiff in error pay all costs.

*Affirmed.*